1

2

3

4

5

6

7

8

9

10

11

12

13

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**IN SEATTLE**

| | |
|---|---|
| TELSPACE, LLC, a Washington corporation, | No. 2:13-cv-01477 RSM |
| Plaintiff, | ORDER ON MOTION TO COMPEL |
| v. | |
| COAST TO COAST CELLULAR, INC., a Pennsylvania corporation | |
| Defendant. | |

14

15

16

17

18

    This matter comes before the Court on Motion to Compel Responses to Discovery
Requests by Plaintiff telSPACE, LLC. Dkt. # 16. Pursuant to Fed. R. Civ. P. 37(a), Plaintiff
moves the Court to issue an order requiring Defendant Coast to Coast Cellular, Inc. to
produce documents in response to eight pending discovery requests. Having considered the
parties' briefs, the relevant record, and applicable case law, and for the reasons set forth
below, the Court grants in part and denies in part Plaintiff's Motion.

19

## **Background**

20

21

22

23

    Plaintiff telSPACE, LLC ("telSPACE") designs and develops software for the
acquisition, rating, billing, and management of customers with respect to
telecommunications services. Defendant Coast to Coast Cellular, Inc. ("C2C") resells
wireless services to retail customers through contractual agreements with carriers/providers.
On November 18, 2010, telSPACE and C2C entered into a Software License Agreement (the
"Agreement"), pursuant to which C2C licensed software developed by telSPACE (the

ORDER ON MOTION TO COMPEL - 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

"Software") to assist in aggregating and ingesting wireless data usage of prepaid customers. *See* Dkt. # 21 (Townsend Decl.), ¶ 9.

Defendant attempted to terminate the Agreement by letter on October 24, 2012 and transitioned its customers to C2C's newly developed software program (the "Replacement Software"). Dkt. # 1, Compl., ¶ 21; Dkt. # 21, ¶ 14. Plaintiff contends that Defendant did not comply with termination requirements and failed to pay all licensing fees owed under the agreement. Compl., ¶¶ 22-24, 27. As a result, telSPACE demanded access to Defendant's "systems and hosting environment" for the purpose of performing an audit under Section 3.9 of the Agreement. C2C refused the audit demand, claiming that it was beyond the scope of the then terminated Agreement. Dkt. # 21, ¶ 23.

Plaintiff filed this action on August 19, 2013 for breach of contract, misappropriation of trade secrets, and copyright infringement. Compl. The Agreement contained a provision subjecting all disputes to binding arbitration with the exception of disputes where "injunctive or other equitable relief is appropriate." Dkt. # 21, Ex. A, ¶ 11.20. As a result, Plaintiff seeks solely equitable and declaratory relief as well as attorney's fees and costs. Plaintiff's complaint alleges that Defendant continued to use its Software, or a derivative of it, after the termination of the Agreement, in violation of the Agreement's terms. Plaintiff alleges that Defendant breached the agreement by refusing to allow an audit, by failing to return confidential information following termination of the Agreement, and by continuing to exploit the Software in derogation of Plaintiff's rights under the Agreement. Compl., ¶¶36-53. Plaintiff further alleges that Defendant exploited Plaintiff's trade secrets embodied in its software for commercial gain and infringed its copyrights in the Software by reproducing and exploiting it without Plaintiff's permission. *Id.* at ¶¶ 54-63. Defendant contends that these allegations are without foundation and rest solely on speculative assertions. *See* Dkt. # 20, pp. 6-7.

On December 30, 2013, telSPACE served its first set of discovery requests on C2C regarding these claims. Upon C2C's objection to several of the requests, the parties met and conferred on several occasions but remained at an impasse. *See* Dkt. # 17 (Balasubramani Decl.), ¶ 6. The instant Motion to Compel followed.

**Discussion**

ORDER ON MOTION TO COMPEL - 2

The Federal Rules of Civil Procedure provide for broad discovery in civil actions. "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The provision is liberally construed to allow the wide-ranging discovery necessary to avoid surprise at trial and help the parties evaluate and resolve their disputes. *Wilkerson v. Vollans Auto, Inc.*, 2009 WL 1373678, *1 (W.D. Wash. 2009). For purposes of discovery, relevant information is that which is "reasonably calculated to lead to the discovery of admissible evidence." *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005). District courts enjoy broad discretion in determining relevancy and controlling discovery. *Id.*; *U.S. Fidelity and Guar. Co. v. Lee Investments LLC*, 641 F.3d 1126, 1136 (9th Cir. 2011).

A party to civil litigation has the right to request production of documents that fall within the scope of Rule 26(b) and which are in the possession, custody, or control of the party on whom the request is served. Fed. R. Civ. P. 34(a)(1). If a disclosure is not made, the requesting party may move for an order compelling such disclosure, which must include certification that the movant has made good faith efforts to obtain the requested discovery without court action. Fed. R. Civ. P. 37(a)(1); LCR 37(a)(1). The party that resists discovery has the burden to show why the discovery request should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). The court must nonetheless temper the frequency or extent of discovery if it determines that "the burden or expense of discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii).

**A.   Request for Production No. 1**

telSPACE's Request for Production No. 1 seeks:

> "A complete list of [C2C] customers for which [C2C] provided services at any time in 2012 to the present." Dkt. # 17, Ex. 1, p. 9.

C2C objects on the grounds that compiled customer lists that are unknown to others and kept secret by their owners constitute trade secrets. *See Pac. Aerospace & Electronics, Inc. v. Taylor*, 295 F.Supp. 2d 1205, 1211 (E.D. Wash. 2003) (citing *Ed Nowogroski Ins., Inc v. Rucker*, 137 Wash. 2d 427, 442, 971 P.2d 936 (1999)). C2C further objects that RFP

ORDER ON MOTION TO COMPEL - 3

No. 1 exceeds the scope of Plaintiff's claims by seeking a customer list for a 2.5 year period rather than a list of customers transitioned to C2C's new software. The Court agrees that the request is overbroad, as by Plaintiff's own admission, the customer list is relevant specifically to help it assess whether C2C provided the same services to customers transitioned from telSPACE software. *See* Dkt. # 23, p. 4.

Accordingly, the Court GRANTS in part and DENIES in part Plaintiff's Motion to Compel response to RFP No. 1. C2C shall produce, within <u>twenty-one (21) days</u> of this Order, a list of customers from 2012 to the present that were transitioned from telSPACE's software to C2C's replacement software.

**B.  Request for Production No. 2.**

telSPACE's Request for Production No. 2 seeks:

> "All documents and communications related to any agreements with clients acquired by [C2C] or new services provided to existing clients in September 2012, October 2012 and November 2012, as well as any communications with those clients within the first thirty (30) days of becoming a new client or the provision of new services by [C2C]." Dkt. # 17, Ex. 1, p, 9.

Defendant contends that the same arguments against RFP No. 1 – confidentiality and overbreadth – apply to Plaintiff's second RFP. The Court agrees with Plaintiff that documents pertaining to arrangements with C2C's customers may be relevant to its breach of contract and infringement claims. However, the Court also agrees with Defendant that the request is overbroad to the extent that it seeks communications with customers unrelated to the transition to C2C's replacement software.

Accordingly, the Court GRANTS in part and DENIES in part Plaintiff's Motion to Compel response to RFP No. 2. C2C shall produce, within <u>twenty-one days</u> of the entry of this Order, the responsive, non-privileged documents to the extent that they seek communications with C2C's clients from September through November 2012 relating to the transitioning of the customer to, or the enrolling of a new customer on, the Replacement Software.

**C.  Request for Production No. 3**

telSPACE's Request for Production No. 3 seeks:

ORDER ON MOTION TO COMPEL - 4

> "All documents or communications related to [C2C's] requests to telSPACE for new code and internal communications for new code and technical support in October 2012, including C2C's internal communications initiating or discussing any request for technical support." Dkt. # 17, Ex. 1, p. 9.

C2C has agreed to produce documents responsive to RFP No. 3. *See* Dkt. # 20, p. 10. Accordingly, the Court STRIKES Plaintiff's Motion to Compel response to RFP No. 3 as MOOT.

### D. Request for Production No. 5 and No. 16.

telSPACE's Request for Production No. 5 seeks:

> "All documents and communication related to the development of the Replacement Software, including a copy of the source code. Such documents and communication include (1) any document or communication related to the architecting of the Replacement Software, (2) any document or communication related to segregation of the source code of the Software or confidential information relating to the Software, or any person with knowledge of the source code of the Software or conditional information relating to the Software, from the person or persons writing the source code for, or otherwise participating in developing of, the Replacement Software, and (3) any documents or communications with third parties regarding same." Dkt. # 17, Ex. 1, p. 10.

telSPACE's Request for Production No. 16 similarly seeks:

> "A copy of the source code and any documentation for the Replacement Software." Dkt. # 17, Ex. 1, p. 12.

C2C challenges the relevancy and necessity of revealing to telSPACE the entire source code for the Replacement Software as evidence for telSPACE's claims.[1] C2C contends that disclosure of its proprietary source code is unwarranted where Plaintiff has made no effort to ascertain which elements of its own software are protectable and appear in C2C's Replacement Software. Further, C2C contends that disclosure of its source code would subject C2C to great risk of irreparable injury, compromising the security of its customers and jeopardizing its competitive viability. *See* Dkt. # 20, p. 12. By contrast, telSPACE contends that the source code provides the best and most relevant evidence as to

---

[1] C2C has not argued in its opposition brief that RFP No. 5 is objectionable on grounds other than that it seeks disclosure of the source code of the Replacement Software.

ORDER ON MOTION TO COMPEL - 5

whether C2C's Replacement Software is derivative of Plaintiff's Software, going directly to its trade secret and copyright infringement claims.

As both sides claim trade secrets in their source code, the Ninth Circuit's case law regarding disclosure of material in which a party claims a trade secret is instructive in this dispute. Courts have not provided trade secrets with "automatic and complete immunity from disclosure, but have in each case weighted their claim to privacy against the need for disclosure." Advisory Committee Notes to 1970 Amendments to Rule 26(c). The Ninth Circuit has held that "disclosure of trade secrets will be required only where such disclosure is relevant and necessary to the prosecution or defense of a particular case." *Hartley Pen. Co. v. United States District Court for S.D. Cal.*, 287 F.3d 324, 330-31 (9th Cir. 1961). The party seeking disclosure must "establish that the trade secret sought is relevant and necessary to the prosecution or defense of the case before a court is justified in ordering a disclosure." *Id.* With respect to material in which the disclosing party claims a trade secret, the burden thus shifts to the party seeking disclosure to show that it is warranted.

While the Court agrees with Plaintiff that aspects of C2C's Replacement Software may provide relevant evidence for its infringement claims, the Court is nonetheless under a duty to temper discovery requests whose burden and expense outweigh their likely benefit. The Court is wary of permitting disclosure of C2C's "highly sensitive and proprietary trade secrets" embodied in its source code (Dkt. # 21, ¶ 25) on the basis of allegations in Plaintiff's pleadings alone. *See In re Apple and AT & TM Antitrust Litigation*, 2010 WL 1240295, *2 (N.D. Cal. 2010) (refusing to compel disclosure of source code where "[p]laintiffs only speculate that the additional source code may be relevant"). Aside from the competitive harms that can flow from disclosure of propriety information, Judge William Alsup has explained the way in which disclosure of improperly specified trade secrets can distort litigation:

> "Experience has shown that it is easy to allege theft of trade secrets with vagueness, then take discovery into the defendant's files, and then cleverly specify whatever happens to be there as having been trade secrets stolen from plaintiff. A true trade secret plaintiff ought to be able to identify, up front, and with specificity the particulars of the trade secrets without any discovery." *Jobscience, Inc. v. CVPartners, Inc.*, 2014 WL 1724763, *2 (N.D. Cal. 2014).

ORDER ON MOTION TO COMPEL - 6

Similarly, as a bulwark against potential abuses of the discovery process, this Court will require that Plaintiff provide sufficient specificity for its copyright and trade secret claims before the Court will permit telSPACE the coveted access.

Before disclosure of Defendant's source code will be allowed, telSPACE must show that either the source code is relevant in its entirety or narrow its request to seek disclosure of only those original, protectable aspects of its Software. *See Abarca Health, LLC v. PharmPix Corp.*, 806 F.Supp.2d 483, 491 (D. P.R. 2011) (denying request for total source code disclosure as overly broad where plaintiffs failed to instruct the court as to "what is protectable" about their software); *see also Apple Computer, Inc. v. Microsoft Corp.*, 35 F.3d 1435, 1443 (9th Cir. 1994) (explaining that "only those elements of a work that are protectable and used without the author's permission can be compared when it comes to the ultimate question of illicit copying"). Alternatively, the parties may agree to retain an expert to provide a forensic copy of the source code to telSPACE. As Plaintiff has failed to specify its trade secrets in its Software with specificity or inform the Court as to those aspects of its Software that it considers protectable, the Court finds Plaintiff's request to be overly broad and inadequately tailored to its claims.

The Court further finds that reliance on the parties' protective order is insufficient to warrant disclosure in light of Plaintiff's inadequate showing of relevance and the burden that disclosure of the source code would place on Defendant. *See Viacom International Inc. v. YouTube, Inc.*, 253 F.R.D. 256, 260 (S.D.N.Y. 2008) (holding that "[t]here is no occasion to rely on [the parties' protective order], without a preliminary proper showing justifying production of the search code").

Accordingly, Plaintiff's Motion to Compel is DENIED without prejudice with respect to RFP No. 16. The Motion is further GRANTED in part and DENIED in part with respect to RFP No. 5. The Motion is denied to the extent that it seeks disclosure of the source code of the Replacement Software. Defendant shall disclose within twenty-one (21) days of this Order, subject to the terms of the parties' protective order, non-privileged documents otherwise responsive to RFP No. 5.

**E.   Request for Production No. 7**

telSPACE's Request for Production No. 7 seeks:

ORDER ON MOTION TO COMPEL - 7

"All documents and communications related to any company that is or has provided the hosting environment for the Replacement Software." Dkt. # 17, Ex. 1, p. 10.

Defendant objects to RFP No. 7 as irrelevant and overbroad, as it has no limit in time or subject matter. Defendant further contends that it has produced documents responsive to this request in responding to RFP No. 6, which seeks "[a]ll documents and communications related to C2C's maintenance or use of the specially configured Rackspace hosting environment after purported termination of the agreement." *Id.*

The Court agrees that RFP No. 7 is overbroad and that RFP No. 6 represents an appropriate alternative that is properly narrowed to seek potentially relevant evidence. As C2C has agreed to provide the requested disclosures in response to RFP No. 6, Plaintiff's Motion to Compel additional documents in response to RFP No. 7 is DENIED.

**F. Request for Production No. 17.**

telSPACE's Request for Production No. 17 seeks:

"All communications between [C2C] and any person other than telSPACE which refer to telSPACE." Dkt. # 17, Ex. 1, p. 12.

Defendant objects that RFP No. 17 is overbroad as it contains no limit in time or subject matter. While C2C concedes to produce documents responsive to this request that fall between September and November 2012, Plaintiff contends that C2C's unilateral limitation is arbitrary. The Court agrees with Plaintiff that C2C has not carried its burden to show that the request is unduly burdensome beyond simply stating its objection. Further, the Court agrees that the request is limited in subject matter to only seek those documents that reference telSPACE, and is thus also tailored to seek information of potentially probative value to telSPACE's claims. The Court accepts Plaintiff's proposed time limitation of September 2012 to the present as sufficiently tailored.

Accordingly, the Court GRANTS in part and DENIES in part Plaintiff's Motion to Compel documents in response to RFP No. 17. Defendant shall produce within twenty-one (21) days of this Order, documents responsive to RFP No. 17, limited to communications from January 2012 to the present.

**G. Request for Production No. 19**

ORDER ON MOTION TO COMPEL - 8

telSPACE's Request for Production No. 19 seeks:

> "All books and records maintained by C2C pursuant to its obligation to maintain such books and records under Section 3.9 of the Agreement." Dkt. # 17, Ex. 1, p. 12.

Defendant objects to RFP No. 19 on the ground that it would render moot Plaintiff's claim for breach of contract related to the Agreement's audit provision, "by giving telSPACE access to the very materials at issue in its request for affirmative injunction." Dkt. # 20, p. 14. The Court agrees. The Complaint's first Cause of Action states a breach of contract claim for Defendant's alleged refusal to comply with Section 3.9 of the Agreement, which provides Plaintiff access to C2C's "system and hosting environment" subject to specified conditions. While Plaintiff is correct that it possesses wide latitude to undertake discovery related to its claims, the discovery process is an improper avenue for Plaintiff to secure the very relief that it seeks through its Complaint. Further, Plaintiff has failed to show, and the Court fails to intuit, how the records that are the subject of Section 3.9 are relevant to Plaintiff's right under the contract to an audit. That is, the books and records themselves have no significant bearing on the construction of the contract term or on Defendant's alleged breach of it in refusing to permit an audit.

Accordingly, Plaintiff's Motion to Compel production of documents in response to RFP No. 19 is DENIED.

## Conclusion

The Court hereby ORDERS that Plaintiff's Motion to Compel Responses to Discovery Requests (Dkt. # 16) is GRANTED in part, DENIED in part, and STRICKEN in part as stated herein and as follows:

(1) Requests for Production Nos. 1, 2, 5, and 17 are GRANTED in part and DENIED in part.

(2) Requests for Production Nos. 7, 16, and 19 are DENIED.

//

//

//

ORDER ON MOTION TO COMPEL - 9

1    (3) Request for Production No. 3 is STRICKEN as MOOT.

2

3        Dated this 3rd day of September 2014.

4

5        RICARDO S. MARTINEZ
         UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

ORDER ON MOTION TO COMPEL - 10