THE HONORABLE RICARDO S. MARTINEZ

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# IN SEATTLE

| | |
|---|---|
| TELSPACE, LLC, a Washington corporation,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>COAST TO COAST CELLULAR, INC., a Pennsylvania corporation<br><br>　　　　　　　　Defendant. | No. 2:13-cv-01477 RSM<br><br>MOTION FOR ENTRY OF ORDER ENTERING INJUNCTIVE RELIEF AND DISMISSING THE REMAINING CLAIM IN FAVOR OF ARBITRATION AND FOR PROTECTIVE ORDER AGAINST IMPENDING DISCOVERY<br><br>**CALENDAR NOTE: 11/21/14** |

## I.   INTRODUCTION & RELIEF REQUESTED

Defendant Coast to Coast Cellular, Inc. ("C2C") moves for an order entering judgment *against* it on the injunctive relief requested by telSPACE, LLC ("telSPACE") and, because any remaining claims are subject to arbitration, dismissing the balance of telSPACE's suit. C2C also requests a corresponding protective order against the impending discovery sought by telSPACE, which is unnecessary and inappropriate given C2C's stipulation to the relief that telSPACE seeks.

DEFENDANT'S MOTION FOR ENTRY OF ORDER ENTERING INJUNCTIVE RELIEF AND DISMISSING THE REMAINING CLAIM IN FAVOR OF ARBITRATION AND FOR PROTECTIVE ORDER AGAINST IMPENDING DISCOVERY - 1

CASE #2:13-cv-01477

**HARPER | HAYES PLLC**
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

1   This lawsuit is based on a 2010 License Agreement that licensed certain billing software from telSPACE to C2C.  telSPACE alleges that C2C continued to use the software (or a derivative thereof) after C2C terminated the license agreement in October 2012.  telSPACE also questions the accuracy of reports from C2C during the last four months of the License regarding the number of customers billed via the software.  telSPACE's Complaint seeks to: (1) enjoin C2C from continuing to use software, or any derivative form thereof, and (2) enjoin C2C from denying telSPACE access to perform an audit.[1]  *See Docket* 2, at 12.

C2C has executed a contract to outsource all of its billing of prepaid customers to a third party vendor; the transfer of all customers to that vendor's system will be complete by November 17, 2014.  *Declaration of Saul Glosser* ("Glosser Declaration") ¶ 6.  After that date, C2C will not be billing prepaid customers using *any* billing software, whatever its source.  Glosser Declaration ¶ 7.  There could not possibly be a claim of misuse of the telSPACE software after that date.

Accordingly, C2C has offered to stipulate to the injunctive relief that telSPACE sought in its complaint: (a) enjoining it from any possible use of the telSPACE software or any derivative thereof; and (b) requiring C2C to permit an audit to determine certain usage of the telSPACE software during the period of the License Agreement.  *Declaration of Jack McKay* ("McKay Declaration") ¶ 2.  telSPACE has said it will not accept that offer because it wishes to continue to pursue its request for a declaratory judgment that C2C breached the License Agreement.  McKay Declaration ¶ 3.

---

[1] While telSPACE seeks access to "software systems and records" to conduct an audit to "determine the continued use of code," the License Agreement requires access "to books and records" and C2C's "system and hosting environment . . . for the sole purpose of an audit designed to solely confirm the active subscriber using the Software."  *See* Exhibit A to *Declaration of Saul Glosser*, at ¶ 3.9.

DEFENDANT'S MOTION FOR ENTRY OF ORDER ENTERING INJUNCTIVE RELIEF AND DISMISSING THE REMAINING CLAIM IN FAVOR OF ARBITRATION AND FOR PROTECTIVE ORDER AGAINST IMPENDING DISCOVERY - 2

CASE #2:13-cv-01477

**HARPER | HAYES PLLC**
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

1   telSPACE has also stated that it plans to continue with pending discovery, including a
2   second set of interrogatories and document requests to C2C, two non-party document
3   subpoenas, and several depositions tentatively scheduled for next week.  McKay Declaration
4   ¶ 3.

5   Pursuant to Fed. R. Civ. P. 26(c)(1), counsel for C2C has in good faith conferred with
6   counsel for telSPACE in an effort to resolve the disputes described in this Motion without
7   court action, but the parties were unable to agree.

8   The position of telSPACE is inconsistent with the narrow scope of relief that the very
9   broad arbitration provision in the License Agreement allows telSPACE to obtain from this
10  Court.  After entry of the injunctive relief, the declaratory judgment claim should be referred
11  to arbitration, and the case (and any pending discovery) should be terminated.

## II.   ARGUMENT

13  telSPACE has refused C2C's offer for the entry of injunctive relief on the ground
14  telSPACE wants to continue pursuing in this Court its request for a declaration that C2C
15  breached the License Agreement.  But under paragraph 11.20 of the Agreement, that claim
16  can only be heard in arbitration:

> 11.20 <u>Dispute Resolution</u>.  This Section 11.20 governs any dispute, disagreement, claim or controversy between Licensee and telSPACE arising from or related to this Agreement *except where injunctive or other equitable relief is appropriate* (a "Disputed Matter").  All Disputed Matters shall be referred jointly to senior executives or partners of each of the parties.  If such executives do not agree upon a resolution within thirty (30) days after referral of the matter to them, the parties shall proceed with arbitration as follows.  *The parties shall resolve any and all Disputed Matters via binding arbitration* in accordance with the Commercial Arbitration Rules of the American Arbitration Association ("AAA") as presently in force. . . .

DEFENDANT'S MOTION FOR ENTRY OF ORDER ENTERING
INJUNCTIVE RELIEF AND DISMISSING THE REMAINING
CLAIM IN FAVOR OF ARBITRATION AND FOR PROTECTIVE
ORDER AGAINST IMPENDING DISCOVERY - 3

CASE #2:13-cv-01477

**HARPER | HAYES PLLC**
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

> The arbitrators may not award non-monetary, injunctive or other equitable relief of any sort; however such relief shall be available to the parties where appropriate from a court of competent jurisdiction.  The arbitrators shall have no power to award (i) damages inconsistent with the Agreement, (ii) punitive damages or any other damages not measured by the prevailing Party's actual damages or (iii) damages in excess of the limitations set forth in Section 9 of this Agreement. . . .  No discovery will be permitted in connection with the arbitration unless it is expressly authorized by the arbitration panel upon a showing of substantial need by the Party seeking discovery.  All aspects of the arbitration shall be treated as confidential.  Neither the parties nor the arbitrators may disclose the content or results of the arbitration, except as necessary to comply with legal, audit or regulatory requirements.

*Exhibit A* to Glosser Declaration, at ¶ 11.20. (emphasis added).

Thus, with the exception of the ability to seek "injunctive or other equitable relief" where "appropriate," the parties agreed to "resolve any and all Disputed Matters via binding arbitration" before the American Arbitration Association.  Any controversy "arising from or related to" the Agreement is a "Disputed Matter."  And any issue regarding whether a claim is arbitrable must be decided by the arbitrators.  *See* Exhibit A to Glosser Declaration, at ¶ 11.20.

There can be no issue here that breach of the License Agreement—the subject matter of telSPACE's request for declaratory judgment—is covered by the Dispute Resolution clause. The only possible issue is whether a request for a declaratory judgment of breach falls within the exception for circumstances where "injunctive or other equitable relief is appropriate."

The Ninth Circuit follows the widely accepted rule that any question about the scope of what is required to be arbitrated is construed in favor of arbitration.  *See Goldman, Sachs & Co. v. City of Reno*, 747 F.3d 733, 742 (9th Cir. 2014) ("When determining whether parties have agreed to submit to arbitration, 'we apply 'general state-law principles of contract

DEFENDANT'S MOTION FOR ENTRY OF ORDER ENTERING INJUNCTIVE RELIEF AND DISMISSING THE REMAINING CLAIM IN FAVOR OF ARBITRATION AND FOR PROTECTIVE ORDER AGAINST IMPENDING DISCOVERY - 4

CASE #2:13-cv-01477

**HARPER** | **HAYES PLLC**
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

1  interpretation, while giving due regard to the federal policy in favor of arbitration by resolving

2  ambiguities as to the scope of arbitration in favor of arbitration.'").

3        This rule has been applied by other courts specifically with respect to the construction

4  of exceptions to arbitration within a clause.  *See, e.g.*, *Choice Hotels Int'l, Inc. v. BSR

5  Tropicana Resort, Inc.*, 252 F.3d 707, 711 (4th Cir. 2001) (holding that where there is

6  ambiguity as to the interpretation of exceptions to an arbitration clause, the court should

7  "interpret the exceptions narrowly, lest they overwhelm the rule"); *Armijo v. Prudential Ins.*

8  *Co.,* 72 F.3d 793, 800 (10th Cir.1995) ("Our obligation to construe arbitration clauses broadly

9  compels us to construe this exception to the arbitration clause narrowly.").

10        Particularly in light of these deferential standards, the Court should refer telSPACE's

11  request for a declaratory judgment of breach to arbitration.  First, a declaratory judgment of

12  breach is not "relief"—and is certainly not "appropriate" here—as the exception in the

13  arbitration provision requires.  C2C is agreeing to the injunctive "relief" sought by telSPACE.

14  There is no basis for telSPACE to continue to pursue in Court a claim of breach, not as a

15  "remedy" but in an effort to secure a finding of liability that can then be pled as res judicata

16  in arbitration.[2]

17        Second, the question of whether the declaratory judgment claim is within the exception

18  must be resolved by the arbitrators under Section 11.20.

19        Third, a declaratory judgment is intended to assist parties in obtaining a legal

20  determination that resolves uncertainty for the parties.  It is not a vehicle for obtaining a

---

[2]  Moreover, telSPACE improperly seeks to pursue its declaratory judgment claim under the broad discovery of the Federal Rules of Civil Procedure, rather than the discovery rules to which the parties agreed for arbitration.  This is another reason why continuing this action is not "appropriate" under the Agreement or permissible under Ninth Circuit law.

DEFENDANT'S MOTION FOR ENTRY OF ORDER ENTERING INJUNCTIVE RELIEF AND DISMISSING THE REMAINING CLAIM IN FAVOR OF ARBITRATION AND FOR PROTECTIVE ORDER AGAINST IMPENDING DISCOVERY - 5

CASE #2:13-cv-01477

**HARPER | HAYES PLLC**
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

liability finding to then be used in another proceeding.  Where the issue raised in the prayer for declaratory relief can be disposed of in another proceeding, the court should decline to hear the action:

> In considering whether to hear a claim for declaratory relief, courts consider two criteria: (1) if the judgment "will serve a useful purpose in clarifying and settling the legal relations in issue;" and (2) if "***it will terminate*** and afford relief from ***the*** uncertainty, insecurity, and ***controversy*** giving rise to the proceeding." (citation omitted). When the issues raised by the prayer for declaratory relief will be completely disposed of in other litigation, it may be appropriate to decline to hear the action. (citation omitted).  Under such circumstances, the judgment will "serve no useful purpose."

*Celador Int'l Ltd. v. Walt Disney Co.*, 347 F. Supp. 2d 846, 857 (C.D. Cal. 2004) (emphasis added).[3]

Therefore, telSPACE's request for a declaratory judgment of breach must be addressed in arbitration, pursuant to the License Agreement.  That matter cannot be heard in this Court, and it should not be a barrier to C2C's proposed resolution of this lawsuit.  telSPACE should be granted the injunctive relief it seeks, based on C2C's stipulation, and the Court should dismiss this action so that telSPACE may, if it wishes, pursue its claims of breach (and related damage claims) in arbitration.

Finally, because an order granting injunctive relief would eliminate all pending claims before this Court, there is no need for the parties to continue discovery.  C2C is entitled to a protective order upon a showing of good cause, including a showing of prejudice.  *See*

---

[3] *Celador* relies on *McGraw-Edison Co. v. Preformed Line Products Co.*, 362 F.2d 339 (9th Cir. 1966), where the court noted the discretion of the District Court in entertaining declaratory judgment claims, in light of well settled principles that the purpose of the Declaratory Judgment Act "is to afford an added remedy to one who is uncertain of his right and who desires an early adjudication thereof without having to wait until his adversary should decide to bring suit, and to act at his peril in the interim," quoting *Shell Oil Co. v. Rusetta*, 290 F.2d 689, 691-92 (9th Cir. 1961).  Obviously that purpose is not present here.

DEFENDANT'S MOTION FOR ENTRY OF ORDER ENTERING INJUNCTIVE RELIEF AND DISMISSING THE REMAINING CLAIM IN FAVOR OF ARBITRATION AND FOR PROTECTIVE ORDER AGAINST IMPENDING DISCOVERY - 6

CASE #2:13-cv-01477

**HARPER | HAYES PLLC**
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

*DeFreitas v. Tillinghast*, 2:12-CV-00235-JLR, 2013 WL 209277 (W.D. Wash. Jan. 17, 2013). Here, the prejudice that C2C would incur is being required to participate in discovery under different rules than those set forth in the arbitration clause—to resolve a dispute that must be heard in AAA arbitration.

### III.  CONCLUSION

In light of the foregoing, C2C respectfully requests that the Court enter an Order:

(1)  Granting C2C's request for a protective order against any further discovery;

(2)  Enjoining C2C from denying telSPACE or an independent third party access to C2C's records to perform an audit for the purpose of determining the number of active subscribers using the software licensed by C2C from telSPACE from May 2012 through October 2012;

(3)  Enjoining C2C (to the extent it has ever done so since the License terminated) from using the telSPACE software, or a derivative form of the software, or any confidential information of telSPACE, as of November 17, 2014; and

(4)  Dismissing this action and referring the declaratory judgment claim to arbitration.

DATED this 24th day of October 2014.

HARPER | HAYES PLLC

By: *s/ Todd Hayes*
    Todd C. Hayes, WSBA No. 26361
    600 University Street, Suite 2420
    Seattle, WA 98101
    **Tel**.  206.340.8010
    **Fax**.  206.260.2852
    **Email**: todd@harperhayes.com
    Attorneys for Defendant

DEFENDANT'S MOTION FOR ENTRY OF ORDER ENTERING INJUNCTIVE RELIEF AND DISMISSING THE REMAINING CLAIM IN FAVOR OF ARBITRATION AND FOR PROTECTIVE ORDER AGAINST IMPENDING DISCOVERY - 7

CASE #2:13-cv-01477

**HARPER** | **HAYES PLLC**
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

1   PILLSBURY, WINTHROP, SHAW, PITTMAN, LLP

2

3   By: *s/ Jack McKay*
    Jack McKay, DC Bar No. 159335
    Admitted Pro Hac Vice
4   2300 N Street NW
    Washington DC, 20037
5   **Tel**.   202-663-8439
    **Fax**.   202-663-8007
6   **Email**: jack.mckay@pillsburylaw.com
    Attorneys for Defendant

---

DEFENDANT'S MOTION FOR ENTRY OF ORDER ENTERING
INJUNCTIVE RELIEF AND DISMISSING THE REMAINING
CLAIM IN FAVOR OF ARBITRATION AND FOR PROTECTIVE
ORDER AGAINST IMPENDING DISCOVERY - 8

**HARPER | HAYES PLLC**
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

CASE #2:13-cv-01477

# CERTIFICATE OF SERVICE

Pursuant to United States District Court Western District of Washington CR 5(f), the undersigned certifies that on *Friday, October 24, 2014*, I electronically filed this document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following parties and counsel of record:

**NAME:** Venkat Balasubramani
**EMAIL ADDRESS:** venkat@focallaw.com
**REPRESENTING:** Plaintiff

**NAME:** Sean M. McChesney
**EMAIL ADDRESS:** sean@focallaw.com
**REPRESENTING:** Plaintiff

I further certify that, pursuant to Section III(M) of the *U.S. District Court Amended Electronic Filing Procedures*, I electronically delivered a proposed Order in Word format to the following judge's email:

**EMAIL ADDRESS**
MartinezOrders@wawd.uscourts.gov

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED *October 24, 2014* in Seattle, Washington.


Victoria Heindel

DEFENDANT'S MOTION FOR ENTRY OF ORDER ENTERING INJUNCTIVE RELIEF AND DISMISSING THE REMAINING CLAIM IN FAVOR OF ARBITRATION AND FOR PROTECTIVE ORDER AGAINST IMPENDING DISCOVERY - 9

CASE #2:13-cv-01477

**HARPER | HAYES PLLC**
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852